IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR01-2032 |
| ) | Civil No. C05-2006 |
| MARK LAMONT HOPPER, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION (1) DENYING DEFENDANT'S
MOTION FOR POSTCONVICTION RELIEF AND (2) DENYING A CERTIFICATE OF
APPEALABILITY

On May 9, 2002, a jury found Defendant guilty of two counts of being a felon in possession of a firearm and acquitted him on two drug-related charges. On November 4, 2002, Defendant was sentenced to sixty months imprisonment on Counts III and IV, with the terms to run concurrently. Defendant appealed his conviction, and the conviction was affirmed on August 4, 2003.

On January 10, 2005, Defendant filed a Motion for Postconviction Relief pursuant to 28 U.S.C. § 2255, contending his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004). Two days later, the Supreme Court decided Booker v. United States, which extended Blakely to the United States Sentencing Guidelines. 543 U.S. 220 (2005).

I.

Defendant's motion is denied for at least two reasons. First, it is out of time. A motion under section 2255 must be filed within one year of the date the conviction becomes final. The Eighth Circuit affirmed the conviction on August 4, 2003, and the Mandate issued on August 29, 2003, so the conviction became final ninety days later when the time for filing a Petition for Writ of Certiorari expired. Thus, the conviction was

final on November 28, 2003,[1] so the motion had to be filed within one year of that date. Defendant's filing in January 2005 was untimely.

Regardless, Defendant's claims are not cognizable in a collateral proceeding. The Eighth Circuit has repeatedly held Booker does not apply retroactively to cases no longer on direct appeal and cannot be raised in a postconvction proceeding. E.g., Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005).

II.

In order to appeal, Defendant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion because the issues are fresh in the Court's mind and efficiency is promoted.

28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Defendant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted). Here, reasonable jurists could not conclude Defendant's motion was filed within the specified time limits. Moreover, the Eighth Circuit has addressed Booker's inapplicability in postconviction proceedings on so many occasions that further proceedings are not warranted.

---

[1]Ninety days later would actually fall on November 27, 2003, but that was Thanksgiving, so an additional day has been added.

2

Case 6:01-cr-02032-LRR   Document 113   Filed 05/01/07   Page 2 of 3

III.
---

For these reasons, Defendant's Motion for Postconviction Relief is denied and the Court declines to issue a Certificate of Appealability.

The Clerk of Court is directed to mail a copy of this Order to:

Mark Lamont Hopper
Reg. No. 08582-029
FCI-Sandstone
P.O. Box 1000
Sandstone, Minnesota 55072

IT IS SO ORDERED.

DATE: May 1, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT